## Hudalla, John (CIV)

| | |
|---|---|
| **From:** | Hudalla, John (CIV) |
| **Sent:** | Friday, May 11, 2012 1:14 PM |
| **To:** | 'Everett, Uma' |
| **Cc:** | Smith, Sarah; Pappas, George; DeWitte, Conrad (CIV) |
| **Subject:** | RE: Return Mail, Inc. v. United States--Claim Construction Proceedings |

Uma,

Even though we feel that we have fulfilled our meet and confer obligation by exchanging positions via e-mail, and despite the fact that your prior e-mail leaves little room for discussion, we will call you today at 4 PM.

To address the concern from your latest e-mail, the basis of our forthcoming motion is that plaintiff cannot stand pat on "plain and ordinary meaning" without giving an indication of what that ordinary meaning is and from where the ordinary meaning can be derived.  Your position is contrary the procedure from the Damich order that has been adopted by the Court.

Regards,

John A. Hudalla
United States Department of Justice
Civil Division
Commercial Litigation Branch
Washington, DC 20530
(202) 307-0334
(202) 307-0345 fax
john.hudalla@usdoj.gov

---

**From:** Everett, Uma [mailto:ueverett@cov.com]
**Sent:** Friday, May 11, 2012 12:40 PM
**To:** Hudalla, John (CIV)
**Cc:** Smith, Sarah; Pappas, George; DeWitte, Conrad (CIV)
**Subject:** RE: Return Mail, Inc. v. United States--Claim Construction Proceedings

John:

We disagree that there is nothing to be worked out between the parties.  You are reading an interpretation into my email that does not exist.  Most notably, I never said that the Government should put forward it constructions "first."  You have Plaintiff's Proposed Claim Construction Statement.

We still do not understand and want to learn the basis for your position that RMI must offer a construction other than plain and ordinary meaning for every term proposed by the government.  Additionally, a meet and confer is required under the Court's rules.  Court of Federal Claims Rules, App. A, ¶10.  We are available to meet and confer at 4 p.m. today and 2 p.m. on Monday.

Regards,
Uma

**From:** Hudalla, John (CIV) [mailto:John.Hudalla@usdoj.gov]
**Sent:** Thursday, May 10, 2012 3:23 PM
**To:** Everett, Uma
**Cc:** Smith, Sarah; Pappas, George; DeWitte, Conrad (CIV)
**Subject:** RE: Return Mail, Inc. v. United States--Claim Construction Proceedings

Uma,

The parties clearly disagree about what is required by Judge Damich's pro forma order.  Your citations to general case law on "ordinary meaning" being a starting point for courts' construction of claims do not relieve plaintiff of its disclosure responsibilities here, particularly where plaintiff is silent on what that ordinary meaning might be.  In addition, your suggestion that the Court can decide between your unstated "ordinary meanings" and our forthcoming constructions thwarts the upcoming the meet and confer process.  Your position virtually guarantees that there will be no narrowing of issues in that process, because we do not know what plaintiff's "ordinary meanings" actually are.  The result of this is a heavier burden on the Court, because the Court will have to construe all of the 14 "ordinary meaning" terms along with all other terms in dispute.

In fact, the most telling point of your e-mail is your suggestion that we "set forward [our] constructions" first, which seems to be the very result plaintiff seems to be seeking through its repeated invocation of "ordinary meaning."  Plaintiff agreed to the sequence of disclosures set forth in the Damich Order (i.e., plaintiff propounding its constructions first) when the parties submitted the JPSR; now that the Court has implemented that sequence, plaintiff cannot unilaterally decide to pass on its responsibilities because it finds the required disclosures inconvenient to its litigation strategy.

We appreciate your offer to meet via telephone, but there appears to be nothing further to discuss.  We will be filing a motion to compel soon.

Regards,

John A. Hudalla
United States Department of Justice
Civil Division
Commercial Litigation Branch
Washington, DC 20530
(202) 307-0334
(202) 307-0345 fax
john.hudalla@usdoj.gov

---

**From:** Everett, Uma [mailto:ueverett@cov.com]
**Sent:** Wednesday, May 09, 2012 4:40 PM
**To:** Hudalla, John (CIV)
**Cc:** Smith, Sarah; Pappas, George; DeWitte, Conrad (CIV)
**Subject:** RE: Return Mail, Inc. v. United States--Claim Construction Proceedings

John:

We disagree with the substance of your email of May 7, 2012.  We see no basis in either the Damich order or governing law for your assertion that Plaintiff needs to provide constructions for all 24 proposed claim terms.  We do not agree with you that these terms even need construction.  As you recall, Plaintiff initially proposed 4 terms for construction, and Defendant initially proposed 15 groups of terms.   We believe that many

of the claim terms you proposed for construction would be well-understood by the court and therefore do not require any definition beyond the terms themselves.  Our position is consistent with generally accepted practice.  *See, e.g., Thorner v. Sony Computer*, No. 2011-1114 (Fed. Cir. Feb. 1, 2012), slip op. at 8-9 (finding no flaw with the patentee's argument that that the term "attached" does not require any construction because Federal Circuit "case law is clear, claim terms must be given their plain and ordinary meaning to one of skill in the art" unless the patentee has adopted a different meaning).  To the extent you disagree that a claim term has its plain and ordinary meaning, you must show that the patentee has adopted a different meaning.  The time to do so is in Defendant's Proposed Claim Construction statement.

We further disagree with your statement that "Plaintiff is aware that many of the 14 terms are likely to be disputed because plaintiff took part in the negotiation of claim terms for construction."  The negotiation over terms to be construed addressed only the government's proposed grouping of claim terms.  The government did not make any statements regarding its substantive claim construction positions, nor did we agree that all of the terms on your proposed list needed construction.

Finally, your demand that we identify support for our proposed constructions is inconsistent with Federal Circuit case law.  "The process of claim construction begins with giving the words of a claim their ordinary meaning unless there is specific evidence that the inventor gave them a different meaning." *Prochroma v. United States*, 46 Fed. Cl. 750, 754 (2000) (Damich, J.); *see also Thorner v. Sony Computer*, No. 2011-1114, slip op. at 5.  The burden to show support is on the party proposing a construction that is distinct from the plain and ordinary meaning.  If you disagree with our position, then set forward your constructions.  The court can then decide whether the disputed term can be given the plain and ordinary meaning, as we propose, or the construction that you propose.

We are available to meet and confer to discuss and resolve the remaining issues.  We are available to speak at 2 p.m. on Friday (May 11, 2012) or 2 p.m. on Monday  (May 14, 2012).


Regards,
Uma


Uma Natarajan Everett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5494
Fax: (202) 778-5494

*This message is from a law firm and may contain information that is confidential or legally privileged.  If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system.  Thank you for your cooperation.*

---

**From:** Hudalla, John (CIV) [mailto:John.Hudalla@usdoj.gov]
**Sent:** Monday, May 07, 2012 4:45 PM
**To:** Everett, Uma
**Cc:** Smith, Sarah; Pappas, George; DeWitte, Conrad (CIV)
**Subject:** Return Mail, Inc. v. United States--Claim Construction Proceedings

Uma,

This is our request to meet with you and confer regarding our objection to plaintiff's Proposed Claim Construction Statement, which was served on Friday, May 4.  In that paper, plaintiff was to have presented its proposed claim constructions for the set of claim terms negotiated by the parties and agreed to by plaintiff on April 20, 2012.   Yet plaintiff's claim construction statement invokes "plain and ordinary meaning," rather than provides a proposed construction, for 14 of the 24 patent claim terms in the statement.  Moreover, for each of these 14 instances, plaintiff provides no support for its "plain and ordinary meaning" contentions.

Plaintiff's tactic contravenes Judge Damich's pro forma Special Procedures Order for Cases Under 28 U.S.C. § 1498(a), which was incorporated into the Court's Scheduling Order, Docket No. 24.  Specifically, Paragraph 11(a)(i) of Judge Damich's pro forma order required plaintiff to provide its "[p]referred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves."  Plaintiff's "plain and ordinary meaning" entries are tantamount to providing no interpretation whatsoever, and plaintiff has failed to provide any supporting evidence for these unstated "plain and ordinary" meanings.  In addition, defendant cannot be expected to confer with plaintiff on claim constructions when plaintiff does not even propound its proposed constructions.  Rather than helping the parties reach potential agreements on claim constructions and narrowing the number of  terms for construction by the Court, plaintiff's tactic will have the detrimental effect of putting more claim terms before the Court for construction.

Plaintiff is aware that many of the 14 terms are likely to be disputed because plaintiff took part in the negotiation of claim terms for construction.  But plaintiff is apparently demurring on its constructions so that plaintiff may reveal its desired constructions in response to defendant's forthcoming constructions or even later.  This clearly belies the sequence of disclosures that was agreed to by plaintiff and ordered by the Court.

We therefore object to plaintiff's repeated use of "plain and ordinary meaning," and we demand that plaintiff supplement its proposed claim construction paper with its proposed constructions for the 14 terms.  We also demand that plaintiff identify its support for these 14 proposed constructions.  Finally, we demand that defendant's forthcoming June 15, 2012, deadline be extended by a time commensurate with plaintiff's delay in providing its proposed constructions for the 14 terms.  We will move the Court to compel plaintiff's constructions unless we hear from you by the close of business on Wednesday, May 9.  We will also seek a stay of the claim construction proceedings pending the Court's determination of our motion to compel.

Please contact us by Wednesday so that we may discuss defendant's objections and requested relief.

Regards,

John A. Hudalla
United States Department of Justice
Civil Division
Commercial Litigation Branch
Washington, DC 20530
(202) 307-0334
(202) 307-0345 fax
john.hudalla@usdoj.gov

**Hudalla, John (CIV)**

| | |
|---|---|
| **From:** | Everett, Uma <ueverett@cov.com> |
| **Sent:** | Friday, April 20, 2012 5:05 PM |
| **To:** | Hudalla, John (CIV) |
| **Cc:** | Smith, Sarah; DeWitte, Conrad (CIV); Pappas, George; Sawyer, Michael |
| **Subject:** | RE: Return Mail/Terms for Construction |

John,

I confirm that we agree with the approach.  The parties will present the terms for construction as each sees fit.

Regards,
Uma

**From:** Hudalla, John (CIV) [mailto:John.Hudalla@usdoj.gov]
**Sent:** Tuesday, April 17, 2012 11:29 AM
**To:** Everett, Uma
**Cc:** Smith, Sarah; DeWitte, Conrad (CIV); Pappas, George; Sawyer, Michael
**Subject:** RE: Return Mail/Terms for Construction

Uma,

We can agree to the modifications you made for all of the terms except for the if/if not limitations of claims 42, 54, 57, 60, and 63.  As you recall, we had originally grouped these as one term, and you asked to divide them into four separate terms.  We believe that the dispositive issue for construction is not the construction of the words per se, but rather the determination of whether or not these alternative limitations are mutually exclusive.

The parties clearly do not agree on how to present these if/if not terms.  For this reason, we suggest that each party presents these terms for construction as it sees fit.

Regards,

John A. Hudalla
United States Department of Justice
Civil Division
Commercial Litigation Branch
Washington, DC 20530
(202) 307-0334
(202) 307-0345 fax
john.hudalla@usdoj.gov

**From:** Everett, Uma [mailto:ueverett@cov.com]
**Sent:** Monday, April 16, 2012 2:56 PM
**To:** Hudalla, John (CIV)
**Cc:** Smith, Sarah; DeWitte, Conrad (CIV); Pappas, George; Sawyer, Michael
**Subject:** RE: Return Mail/Terms for Construction

John,

Thanks for your email.  We have reviewed your list and have made some slight modifications.  I include the revised list below.

Please let me know if you have any questions or would like to discuss anything in particular.  Please also let me know if we have agreement on the terms for construction.

Regards,
Uma

Uma Natarajan Everett
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-5494
Fax: (202) 778-5494

*This message is from a law firm and may contain information that is confidential or legally privileged.  If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system.  Thank you for your cooperation.*

| Claim Numbers | Term |
| --- | --- |
| 39-42, 54, 57, 60, 63 | sender |
| 39-45, 54-63 | address |
| 39 | returned mail items (claim 39) |
| 40 | mail items returned (claim 40) |
| 42, 54, 57, 60, 63 | mail items that are returned subsequent to mailing as [being] undeliverable (claims 42, 54, 57, 60, 63) |
| 40, 41, 42, 43, 54, 57, 60, 63 | undeliverable mail items |
| 42, 54, 57, 60 | receiving from a sender |
| 39, 54, 57, 60, 63 | electronically transmitting (claims 39, 54, 57) electronically transmits (claims 60, 63) |
| 42, 60, 63 | electronically transferring (claim 42) electronically transfers (claims 60, 63) |
| 40 | transmit |
| 41 | enable an updated address of intended recipient to be sent |
| 39-41 | return mail service provider |

| Claim Numbers | Term |
|---|---|
| 43, 54, 57, 60, 63 | mailing address service provider (claim 43)<br>address correction service provider (claims 54, 57, 60, 63) |
| 39, 41 | information indicating whether the sender wants a corrected address to be provided |
| 40 | decoded information indicating whether a sender wants a corrected address to be provided |
| 42, 54, 57, 60, 63 | encoded data indicating whether the sender wants a corrected address to be provided for the addressee |
| 42, 54, 57 | identifying, as undeliverable mail items, |
| 39-42, 54, 57, 60, 63 | subsequent to mailing |
| 39-41, 42, 54, 57 | decoding (claim 39, 42, 54, 57, 60, 63)<br>decode (claim 41) |
| 39 | determining that the sender wants a corrected address to be provided for the intended recipient (claim 39) |
| 40, 42, 54, 57, 60, 63 | determining from the decoded data that the customer wants a corrected address to be provided (claim 40)<br>determining if the sender wants a corrected address provided for intended recipients based on the decoded data (claims 42, 54, 57, 60, 63) |
| 42, 54, 57 | Government's Proposal: if the sender wants [does not want] a corrected address provided<br><br>RMI's Proposal: "if the sender wants a corrected address provided"<br><br>"if the sender does not want a corrected address provided" |
| 60, 63 | Government's Proposal: upon determining that the sender wants [does not want] a corrected address provided<br><br>RMI's Proposal: "upon determining that the sender wants a corrected address provided"<br><br>"upon determining that the sender does not want a corrected address provided" |
| 56, 59, 62 | a written return address that is not the address of the sender |
| 42, 54, 57, 60, 63 | posting return mail data records on a network that is accessible to the sender (claims 42, 54, 57)<br>posts return mail data records on a network that is accessible to the sender (claims 60, 63) |

**From:** Hudalla, John (CIV) [mailto:John.Hudalla@usdoj.gov]
**Sent:** Wednesday, April 11, 2012 2:57 PM
**To:** Everett, Uma
**Cc:** Smith, Sarah; DeWitte, Conrad (CIV); Pappas, George; Sawyer, Michael
**Subject:** RE: Return Mail's desire to disclose Protected Information to Angelo Wider

Uma, this is our latest proposal based on today's meet and confer.  I will be calling in a few minutes to explain.

Regards,

John A. Hudalla
United States Department of Justice
Civil Division
Commercial Litigation Branch
Washington, DC 20530
(202) 307-0334
(202) 307-0345 fax
john.hudalla@usdoj.gov

| Claim Numbers | Term |
|---|---|
| 39-42, 54, 57, 60, 63 | sender |
| 39-45, 54-63 | address |
| 39, 40, 42, 54, 57, 60, 63 | returned mail items (claim 39)<br>mail items returned (claim 40)<br>mail items that are returned (claims 42, 54, 57, 60, 63) |
| 40, 41, 42, 43, 54, 57, 60, 63 | undeliverable |
| 42, 54, 57, 60 | receiving from a sender |
| 39, 42, 54, 57, 60, 63 | electronically transmitting (claims 39, 54, 57)<br>electronically transferring (claim 42)<br>electronically transmits (claims 60, 63)<br>electronically transfers (claims 60, 63) |
| 40 | transmit |
| 41 | enable . . . to be sent |
| 39-41 | return mail service provider |
| 43, 54, 57, 60, 63 | mailing address service provider (claim 43)<br>address correction service provider (claims 54, 57, 60, 63) |
| 39, 41 | information indicating whether the sender wants a corrected address to be provided |
| 40 | decoded information indicating whether a sender wants a corrected address to be provided |
| 42, 54, 57, 60, 63 | encoded data indicating whether the sender wants a corrected address to be provided for the addressee |
| 42, 54, 57 | identifying, as undeliverable mail items, |
| 39-42, 54, 57, 60, 63 | subsequent to mailing |

| Claim Numbers | Term |
|---|---|
| 39-41, 42, 54, 57 | decoding (claim 39, 42, 54, 57, 60, 63)<br>decode (claim 41) |
| 39, 40, 42, 54, 57, 60, 63 | determining that the sender wants a corrected address to be provided for the intended recipient (claim 39)<br>determining from the decoded data that the customer wants a corrected address to be provided (claim 40)<br>determining if the sender wants a corrected address provided for intended recipients based on the decoded data (claims 42, 54, 57, 60, 63) |
| 42, 54, 57 | if the sender wants [does not want] a corrected address provided |
| 60, 63 | upon determining that the sender wants [does not want] a corrected address provided |
| 56, 59, 62 | a written return address that is not the address of the sender |
| 42, 54, 57, 60, 63 | posting return mail data records on a network that is accessible to the sender (claims 42, 54, 57)<br>posts return mail data records on a network that is accessible to the sender (claims 60, 63) |