## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| address (claims 39-44) | **Proposed Construction:** Plain and ordinary meaning.<br><br>Nothing in the intrinsic evidence cited by the USPS warrants a departure from the plain and ordinary meaning of the term "address," and Defendant's proposed construction is of no value to the Court. To the extent that any construction beyond plain and ordinary meaning is required, RMI proposes the following construction: "The location to which the USPS is to deliver or return a mailpiece."<br><br>**Supporting Evidence:**<br>See, e.g., '548 patent 1:29-38, 3:3-10, 3:16-20, 4:63-5:3, 6:35-36.<br><br>**Prosecution History:**<br>June 8, 2010 Amendments and Reconsideration, pp. 65, 69; Nov. 9, 2009 Amendments and Reconsideration, pp. 39-43.<br><br>**Extrinsic Evidence:**<br>USPS Glossary of Postal Terms, Publication 32, May 1997, p. 5. | **Proposed Construction:** Street name and house number, city, state, and postal code.<br><br>**Supporting Evidence:**<br>'548 patent 1:29-34; 3:3-10; 3:16-20; 4:63-5:3; 6:35-36.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, "RMI System Specification," p. 4.<br>Ser. No. 10/058,608, Amendment of November 5, 2003, p. 20.<br>U.S. Pat. No. 6,292,709 (Uhl et al.) 8:16-20.<br><br>**Extrinsic Evidence:**<br>"[A]ddress - The location to which the USPS is to deliver or return a mailpiece. It consists of certain elements such as recipient name, street name and house number, and city, state, and ZIP Code as required by the mail class." United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 5.<br>"[A]ddress. . .3. The written directions on mail indicating destination. 4. The location at which a person or organization may be found or reached." *The American Heritage College Dictionary*, 15 (3d ed. 2000). |
| returned mail items (claim 39) | **Proposed Construction:** Items that are mailed and come back to a post office facility.<br><br>**Supporting Evidence:**<br>See, e.g.,<br>'548 patent, col. 3:32-34<br>'548 patent, figure 1 | **Proposed Construction:** Mail items returned to the sender after processing by the postal service.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 4, 5; 1:20-24; 2:6-8; 3:21-24; 3:32-34; 4:34-39; 5:30-44; 6:60. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
|  | **Prosecution History:**<br>Nov. 9, 2009 Amendments and Reconsideration, pp. 39-43 ("Pintsov does not teach or suggest that mail is '<u>returned</u> as being undeliverable.' Instead, Pintsov discloses that "**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle and reaches its correct destination earlier and at very little cost to the carrier service.'" Also, "Pintsov discloses that address correction occurs <u>before</u> attempted delivery. Accordingly, there is no mail that is '<u>returned</u> as being undeliverable' as recited in the present invention.").<br><br>June 8, 2010 Amendments and Reconsideration, pp. 65-75 ("PARS, the primary reference cited in the Office Action and relied upon by the Examiner, discloses a system, technique and elements that are dysfunctional in this post-mailing return for address correction paradigm, as recited in the presently pending claims." And, "PARS, for example, describes a U.S. Postal Services system and method that attempts to obtain a correct address for a mail item <u>prior to attempted delivery to an intended recipient</u>. PARS is a system that does not consider or contemplate the processing of mail items that are incorrectly addressed and that are returned <u>after</u> an attempted delivery to an intended recipient, to then obtaining a correct address of an intended recipient." And, "[t]he instant specification discloses . . . methods and systems that start with an incorrectly addressed mail item that is first mailed, then returned for address correction, and subsequently re-mailed to the intended | **Prosecution History:**<br>Ser. No. 60/263,788 "RMI System Specification," p. 2.<br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3.<br>Ser. No. 10/057,608, Amendment of November 5, 2003, pp. 12-15, 17-18, 21-22.<br>Ser. No. 90/008,470, prosecution of reexamination claims 40, 58, 76, 90, 103 (all canceled).<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-17, 19-22, 27-32, 37-41, 46-48, 50-51.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 65-74.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-8.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-43.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 6, 8, 9, 10, 12-13.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 23, 41-44.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3-4, 6, 8, 10, 11, 15, 17, 19, 20-21, 22.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:21-41; 8:63-9:14.<br>European Pat. Application No. 1022691 (Sansone).<br><br>**Extrinsic Evidence:**<br>"[R]eturn mail - Mail that must be sent in the opposite direction for proper dispatch. (Also called turnback |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | recipient for delivery."). <br><br>**Extrinsic Evidence:** <br>Return Mail Inc., Business Plan Presentation to Lockheed Martin Distribution Technologies, July 13, 2000, RMI-00009165-9183. <br>United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100. | mail.)" United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100. |
| mail items returned (claim 40) | **Proposed Construction:** Items that are mailed and come back to a post office facility. <br><br>**Supporting Evidence:** <br>*See, e.g.,* <br>'548 patent, col. 3:32-34 <br>'548 patent, figure 1 <br><br>**Prosecution History:** <br>Nov. 9, 2009 Amendments and Reconsideration, pp. 39-43 ("Pintsov does not teach or suggest that mail is '**returned** as being undeliverable.' Instead, Pintsov discloses that "**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle and reaches its correct destination earlier and at very little cost to the carrier service.'" Also, "Pintsov discloses that address correction occurs <u>before</u> attempted delivery. Accordingly, there is no mail that is '<u>returned</u> as being undeliverable' as recited in the present invention."). <br><br>June 8, 2010 Amendments and Reconsideration, pp. 65-75 ("PARS, the primary reference cited in the Office | **Proposed Construction:** Mail items returned to the sender after processing by the postal service. <br><br>**Supporting Evidence:** <br>'548 patent FIGS. 1, 2, 4, 5; 1:20-24; 2:6-8; 3:21-24; 3:32-34; 4:34-39; 5:30-44; 6:60. <br><br>**Prosecution History:** <br>Ser. No. 60/263,788 "RMI System Specification," p. 2. <br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3. <br>Ser. No. 10/057,608, Amendment of November 5, 2003, pp. 12-15, 17-18, 21-22. <br>Ser. No. 90/008,470, prosecution of reexamination claims 40, 58, 76, 90, 103 (all canceled). <br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-17, 19-22, 27-32, 37-41, 46-48, 50-51. <br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 65-74. <br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-8. <br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-43. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | Action and relied upon by the Examiner, discloses a system, technique and elements that are dysfunctional in this post-mailing return for address correction paradigm, as recited in the presently pending claims." And, "PARS, for example, describes a U.S. Postal Services system and method that attempts to obtain a correct address for a mail item prior to attempted delivery to an intended recipient. PARS is a system that does not consider or contemplate the processing of mail items that are incorrectly addressed and that are returned after an attempted delivery to an intended recipient, to then obtaining a correct address of an intended recipient." And, "[t]he instant specification discloses . . . methods and systems that start with an incorrectly addressed mail item that is first mailed, then returned for address correction, and subsequently re-mailed to the intended recipient for delivery.").<br><br>**Extrinsic Evidence:**<br>Return Mail Inc., Business Plan Presentation to Lockheed Martin Distribution Technologies, July 13, 2000, RMI-00009165-9183.<br>United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100. | Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 6, 8, 9, 10, 12-13.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 23, 41-44.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3-4, 6, 8, 10, 11, 15, 17, 19, 20-21, 22.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:21-41; 8:63-9:14.<br>European Pat. Application No. 1022691 (Sansone).<br><br>**Extrinsic Evidence:**<br>"[R]eturn mail - Mail that must be sent in the opposite direction for proper dispatch. (Also called turnback mail.)" United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100. |
| mail items that are returned subsequent to mailing as undeliverable (claim 42) | **Proposed Construction:** Items that are mailed and come back to a post office facility after failed attempted delivery.<br><br>**Supporting Evidence:**<br>*See, e.g.,*<br>'548 patent, col. 1:20-38 | **Proposed Construction:** Mail items returned to the sender because they could not be delivered by the postal service.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 4, 5; Abstract; 1:20-24; 2:6-9; 2:36-39; 3:16-34; 4:27-31; 4:34-41; 4:61-63; 5:11-13; |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | '548 patent, col. 2:6-26<br>'548 patent, col. 3:21-24<br>'548 patent, col. 5:39-44<br>'548 patent, figure 5<br><br>**Prosecution History:**<br>June 8, 2010 Amendments and Reconsideration, pp. 65-69 ("The instant specification discloses, and the present claims exist in, a vastly different mailing and address correction paradigm than that of PARS – one that employs methods and systems that start with an incorrectly addressed mail item that is first mailed, then <u>returned</u> for address correction, and subsequently re-mailed to the intended recipient for delivery." And, "PARS does not receive 'mail items that are returned as being undeliverable,' and instead teaches away from this aspect of the claimed invention. In particular, PARS discloses that address correctly occurs <u>before</u> attempted delivery, and before mail items are <u>returned</u>. And, "PARS is a system that does not consider or contemplate the processing of mail items that are incorrectly addressed.")<br><br>Nov. 9, 2009 Amendments and Reconsideration, pp. 39-43 ("Pintsov does not teach or suggest that mail is '<u>**returned**</u> as being undeliverable.' Instead, Pintsov discloses that "**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle and reaches its correct destination earlier and at very little cost to the carrier service.'" Also, "Pintsov discloses that address | 5:30-44; 6:57-60.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788 "RMI System Specification," p. 2.<br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3.<br>Ser. No. 10/057,608, Amendment of November 5, 2003, pp. 12-15, 17-18, 21-22.<br>Ser. No. 90/008,470, prosecution of reexamination claims 40, 58, 76, 90, 103 (all canceled).<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-17, 19-22, 27-32, 37-41, 46-48, 50-51.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 65-74.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-8.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-43.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 6, 8, 9, 10, 12-13.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 23, 41-44.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3-4, 6, 8, 10, 11, 15, 17, 19, 20-21, 22.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:21-41; 8:63-9:14.<br>European Pat. Application No. 1022691 (Sansone).<br><br>**Extrinsic Evidence:** |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
|  | correction occurs <u>before</u> attempted delivery. Accordingly, there is no mail that is '<u>returned</u> as being undeliverable' as recited in the present invention."). <br><br>**Extrinsic Evidence:** <br>Return Mail Inc., Business Plan Presentation to Lockheed Martin Distribution Technologies, July 13, 2000, RMI-00009165-9183. <br>United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100, 121. | "[R]eturn mail - Mail that must be sent in the opposite direction for proper dispatch. (Also called turnback mail.)" United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 100. <br>"[U]ndeliverable . . . not capable of being delivered to an addressee." *Webster's Third New International Dictionary, Unabridged*, 2487 (1986). <br>"[U]ndeliverable as addressed (UAA) — Mail that the USPS cannot deliver as addressed and must forward to the addressee, return to the sender, or send to a mail recovery center (depending on treatment authorized for that mail class)." United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 121. |
| undeliverable mail items (claims 40-43) | **Proposed Construction:** Mail items that fail attempted delivery. <br><br>**Supporting Evidence:** <br>*See, e.g.,* <br>'548 patent, col. 1:20-38 <br>'548 patent, col. 2:6-26 <br>'548 patent, col. 3:21-24 <br>'548 patent, col. 5:39-44 <br>'548 patent, figure 5 <br><br>**Prosecution History:** <br>June 8, 2010 Amendments and Reconsideration, pp. 65-69 ("The instant specification discloses, and the present claims exist in, a vastly different mailing and address correction paradigm than that of PARS – one that employs methods and systems that start with an incorrectly addressed mail item that is first mailed, then | **Proposed Construction:** Mail items that could not be delivered by the postal service. <br><br>**Supporting Evidence:** <br>'548 patent FIGS. 2, 4, 5; Abstract; 2:6-9; 2:36-39; 3:16-31; 4:27-31; 4:34-41; 4:61-63; 5:11-13; 5:30-39; 5:42-44; 6:57-60. <br><br>**Prosecution History:** <br>Ser. No. 60/263,788 "RMI System Specification," p. 2. <br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3. <br>Ser. No. 10/057,608, Amendment of November 5, 2003, pp. 12-15, 17-18, 21-22. <br>Ser. No. 90/008,470, prosecution of reexamination claims 40, 58, 76, 90, 103 (all canceled). <br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-17, 19-22, 27-32, 37-41, 46-48, 50-51. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | returned for address correction, and subsequently re-mailed to the intended recipient for delivery." And, "PARS does not receive 'mail items that are returned as being undeliverable,' and instead teaches away from this aspect of the claimed invention. In particular, PARS discloses that address correctly occurs <u>before</u> attempted delivery, and before mail items are <u>returned</u>. And, "PARS is a system that does not consider or contemplate the processing of mail items that are incorrectly addressed.")<br><br>Nov. 9, 2009 Amendments and Reconsideration, pp. 39-43 ("Pintsov does not teach or suggest that mail is '<u>**returned**</u> as being undeliverable.' Instead, Pintsov discloses that "**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle and reaches its correct destination earlier and at very little cost to the carrier service.'" Also, "Pintsov discloses that address correction occurs <u>before</u> attempted delivery. Accordingly, there is no mail that is '<u>returned</u> as being undeliverable' as recited in the present invention.").<br><br>**Extrinsic Evidence:**<br>United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 121. | Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 65-74.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-8.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-43.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 6, 8, 9, 10, 12-13.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 23, 41-44.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3-4, 6, 8, 10, 11, 15, 17, 19, 20-21, 22.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:21-41; 8:63-9:14.<br>European Pat. Application No. 1022691 (Sansone).<br><br>**Extrinsic Evidence:**<br>"[U]ndeliverable . . . not capable of being delivered to an addressee." *Webster's Third New International Dictionary, Unabridged*, 2487 (1986).<br>"[U]ndeliverable as addressed (UAA) — Mail that the USPS cannot deliver as addressed and must forward to the addressee, return to the sender, or send to a mail recovery center (depending on treatment authorized for that mail class)." United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 121. |
| receiving from a sender (claim 42) | **Proposed Construction:** Receiving from a subscriber. | **Proposed Construction:** A return mail service provider receives from a subscriber. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | Although the parties are in agreement that construction of this claim term includes the limitation "receiving from a subscriber," Defendant's proposal inserts the additional limitation "return mail service provider" into its construction, which is unsupported by any of the intrinsic or extrinsic evidence cited by the USPS. Accordingly, RMI proposes the following construction: "receiving from a subscriber."<br><br>**Supporting Evidence:**<br>See, e.g., '548 patent, col. 1:20-31; 1:39; 3:3-6; 4:50-61; 5:7-44. | **Supporting Evidence:**<br>'548 patent claims 1, 14; Abstract; FIGS. 1, 2, 4, 5; 1:39-47; 2:6-9; 2:16-20; 3:16-36; 4:36-39; 5:35-39; 6:1-4; 6:54-7:4.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, Drawing Figure; "RMI System Specification," pp. 1, 2.<br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3.<br>Ser. No. 90/008,470, Preliminary Amendment of June 19, 2007, pp. 8, 24.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3, 14-15.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 43-45.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 3, 12-13.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-42.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-6, 8.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 47, 64, 67-73, 80-81, 97.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 11, 27.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>Root et al., *Postal Automated Redirection System—The USPS Solution*, May 23-28, 1999, pp. 2, 3.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:33-40. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | | U.S. Pat. No. 6,292,709 (Uhl et al.) 4:40-43. U.S. Pat. Appl. Pub. No. 2001/0010334 (Park et al.) ¶ 21.<br><br>**Extrinsic Evidence:**<br>"[R]eceive . . .1. To acquire or get something; be a recipient." *The American Heritage College Dictionary*, 1139 (3d ed. 2000).<br>"[S]end . . .1. To cause to be conveyed by an intermediary to a destination. 2. To dispatch, as by a communications medium." *The American Heritage College Dictionary*, 1240 (3d ed. 2000). |
| return mail service provider (claims 39-41) | **Proposed Construction:** Any entity that performs electronic return mail processing.<br><br>**Supporting Evidence:**<br>*See, e.g.,*<br>'548 patent, col. 2:6-11<br>'548 patent, col. 3:21-24<br>'548 patent, col. 3:32-34<br>'548 patent, figure 1<br><br>**Prosecution History:**<br>June 8, 2010 Amendments and Reconsideration, p. 65 ("The instant specification discloses . . . methods and systems that start with an incorrectly addressed mail item that is first mailed, then returned for address correction, and subsequently re-mailed to the intended recipient for delivery.") | **Proposed Construction:** An entity that processes mail returned to the sender by the postal service.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 3; 1:20-24; 1:39-47; 2:6-14; 2:55-65; 3:16-44; 4:7-16; 4:34-41; 4:50-5:18; 6:1-4; 6:25-30.<br><br>**Prosecution History:**<br>Ser. No. 90/008,470, prosecution of reexamination claim102 (canceled).<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 9, 10, 13 53-54.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, p. 97.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, p. 4.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 4, 6, 8, 10, 11, 15, 17, 19, 21-23.<br>Ser. No. 90/008,470, Preliminary Amendment of June 19, 2007, pp. 18, 26, 27, 29, 30. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
|  |  | U.S. Pat. No. 6,292,709 (Uhl et al.) FIG. 4; 6:40-58.<br><br>**Extrinsic Evidence:**<br>None. |
| decoding (claims 39, 42)<br>decode (claim 41) | **Proposed Construction:** Decipher information into useable form.<br><br>**Supporting Evidence:**<br>See, e.g., '548 patent, col. 2:66-3:51. | **Proposed Construction:** Convert information into useable form.<br><br>**Supporting Evidence:**<br>'548 patent claims 1-3, 5-7; 9-14; 16-18; 20-26; 28-33; 35-36; Abstract; FIGS. 2, 4, 5; 2:14-16; 2:44-47; 2:66-3:20; 3:36-38; 4:43-46; 5:18-26; 5:40-6:53.<br><br>**Prosecution History:**<br>Ser. No. 90/008,470, Office Action of July 8, 2009, p. 12.<br><br>**Extrinsic Evidence:**<br>"[D]ecode . . .1 a: to convert (as a coded message) into intelligible form b: to recognize and interpret (an electronic signal) 2 a: decipher . . . b: to discover the underlying meaning of . . . ." *Merriam Webster's Collegiate Dictionary*, 299 (10th ed. 1997). |
| decoded information (claim 40) | **Proposed Construction:** Deciphered, usable information.<br><br>**Supporting Evidence:**<br>See, e.g., '548 patent, col. 2:66-3:51. | **Proposed Construction:** Information converted into useable form.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 4, 5; 2:4-20; 2:66-3:20; 3:32-51; 4:39-5:3; 5:13-30; 5:40-6:53.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, "RMI System Specification," pp. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | | 1-2, 4-6.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 24-36, 38-39.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 7-8.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 64, 77-81, 97.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-11, 15, 17, 18, 20-22, 41, 42, 49.<br>Root et al., *Postal Automated Redirection System—The USPS Solution*, May 23-28, 1999, pp. 2, 3.<br>U.S. Pat. No. 6,292,709 (Uhl et al.) 4:66-5:3; 6:56-57.<br>U.S. Pat. No. 5,422,821 (Allen et al.) FIGS. 3, 11; 14:17-15:18.<br>United States Postal Service, *Address Change Service*, Publication 8, July 1997 cover, pp. 4-6, 8-17.<br><br>**Extrinsic Evidence:**<br>"[D]ecode . . .1 a: to convert (as a coded message) into intelligible form b: to recognize and interpret (an electronic signal) 2 a: decipher . . . b: to discover the underlying meaning of . . . ." *Merriam Webster's Collegiate Dictionary*, 299 (10th ed. 1997). |
| identifying, as undeliverable mail items, (claim 42) | **Proposed Construction:** Identifying mail items that fail attempted delivery.<br><br>**Supporting Evidence:**<br>*See, e.g.,*<br>'548 patent, col. 1:20-38<br>'548 patent, col. 3:21-24<br>'548 patent, col. 3:30-64 | **Proposed Construction:** Identifying mail items that could not be delivered by the postal service.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 2, 4, 5; Abstract; 2:6-9; 2:36-39; 3:16-31; 4:27-31; 4:34-41; 4:61-63; 5:11-13; 5:30-39; 5:42-44; 6:57-60. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | '548 patent, col. 3:64-4:20<br>'548 patent, col. 4:34-49<br>'548 patent, col. 5:39-45<br>'548 patent, figure 1<br>'548 patent, figure 2<br>'548 patent, figure 5<br><br>**Prosecution History:**<br>June 8, 2010 Amendments and Reconsideration, pp. 65-69 ("The instant specification discloses, and the present claims exist in, a vastly different mailing and address correction paradigm than that of PARS – one that employs methods and systems that start with an incorrectly addressed mail item that is first mailed, then <u>returned</u> for address correction, and subsequently re-mailed to the intended recipient for delivery." And, "PARS does not receive 'mail items that are returned as being undeliverable,' and instead teaches away from this aspect of the claimed invention. In particular, PARS discloses that address correctly occurs before attempted delivery, and before mail items are <u>returned</u>. And, "PARS is a system that does not consider or contemplate the processing of mail items that are incorrectly addressed.")<br><br>November 9, 2009 Amendments and Reconsideration, pp. 39-41 ("Pintsov discloses a technique that relies on the unique numeric identifier to provide a fundamentally different approach than that of the claimed invention. More particularly, Pintsov does not teach or suggest that mail is '<u>returned</u> as being undeliverable.' Instead, | **Prosecution History:**<br>Ser. No. 60/263,788 "RMI System Specification," p. 2.<br>Ser. No. 10/057,608, Preliminary Amendment of July 10, 2003, p. 3.<br>Ser. No. 10/057,608, Amendment of November 5, 2003, pp. 12-15, 17-18, 21-22.<br>Ser. No. 90/008,470, prosecution of reexamination claims 40, 58, 76, 90, 103 (all canceled).<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-17, 19-22, 27-32, 37-41, 46-48, 50-51.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 65-74.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4-8.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 39-43.<br>Ser. No. 90/008,470, Office Action of July 8, 2009, pp. 6, 8, 9, 10, 12-13.<br>Ser. No. 90/008,470, Amendment of April 29, 2009, pp. 23, 41-44.<br>Ser. No. 90/008,470, Office Action of December 29, 2008, pp. 3-4, 6, 8, 10, 11, 15, 17, 19, 20-21, 22.<br>"Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br>U.S. Pat. No. 5,612,889 (Pintsov et al.) 7:21-41; 8:63-9:14.<br>European Pat. Application No. 1022691 (Sansone).<br><br>**Extrinsic Evidence:**<br>"[U]ndeliverable . . . not capable of being delivered to an addressee." *Webster's Third New International* |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | Pintsov discloses that '**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle." And, "Pintsov discloses that address correction occurs <u>before</u> attempted delivery . . . there is no mail that is '<u>returned</u> as being undeliverable' as recited in the present invention.") <br><br> **Extrinsic Evidence:** <br> United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 121. | *Dictionary, Unabridged*, 2487 (1986). <br> "[U]ndeliverable as addressed (UAA) — Mail that the USPS cannot deliver as addressed and must forward to the addressee, return to the sender, or send to a mail recovery center (depending on treatment authorized for that mail class)." United States Postal Service, *Glossary of Postal Terms*, Publication 32, May 1997, p. 121. <br> "[I]dentify . . . 2 a: to establish the identity of . . . ." *Merriam Webster's Collegiate Dictionary*, 575 (10th ed. 1997). |
| subsequent to mailing (claims 39-42) | **Proposed Construction:** Plain and ordinary meaning. <br><br> Defendant's proposed construction contorts the plain and ordinary meaning of the claim by importing limitations that are unsupported by any intrinsic or extrinsic evidence. To the extent that any construction beyond plain and ordinary meaning is required, RMI proposes the following construction for the term "subsequent to mailing": "after mailing." *See, e.g.*, <br><br> **Supporting Evidence:** <br> '548 patent, fig. 4, 1:25-41, 2:15-20, 3:31-51, 5:29-39. <br><br> **Prosecution History:** <br> Nov. 9, 2009 Amendments and Reconsideration, pp. 22, 26, 32, 57; June 8, 2010 Amendments and Reconsideration, pp. 36, 38, 40-42, 49, 51, 57, 59; Aug. 2, 2010 Office Action, pp. 12, 19. <br><br> **Extrinsic Evidence:** | **Proposed Construction:** After processing by the postal service. <br><br> **Supporting Evidence:** <br> '548 patent claim 1; Abstract; FIGS. 1, 2, 4, 5; 1:41-47; 2:15-20; 3:32-36; 4:27-41; 5:32-44; 6:54-60. <br><br> **Prosecution History:** <br> Ser. No. 60/263,788, "RMI System Specification," p. 1. <br> Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 22, 26, 57, 32. <br> Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4, 8. <br> Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 2, 32, 35, 36, 38, 40-42, 47, 49, 51, 53, 55, 57-59, 65. <br> Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6, 9, 12, 15, 19, 28, 36, 38. <br> U.S. Pat. No. 6,292,709 (Uhl et al.) FIG. 4; 6:40-58. <br> U.S. Pat. Appl. Pub. No. 2001/0010334 (Park et al.) ¶ 21. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
|  | *The American Heritage College Dictionary*, 1354 (3d ed. 2000): "[S]ubsequent . . . Following in time or order; succeeding." | "Second-Generation Address Change Service," Postal Bulletin 21798, Sept. 19, 1991.<br><br>**Extrinsic Evidence:**<br>"[S]ubsequent . . . Following in time or order; succeeding." *The American Heritage College Dictionary*, 1354 (3d ed. 2000).<br>"[M]ailed, mailing, mails . . . To send by mail . . . To send postal material by mail." *The American Heritage College Dictionary*, 817 (3d ed. 2000). |
| decoded data (claim 40) | **Proposed Construction:** Deciphered, usable data.<br><br>**Supporting Evidence:**<br>*See, e.g.,* '548 patent, col. 2:66-3:51. | **Proposed Construction:** Information converted into useable form.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 4, 5; 2:4-20; 2:66-3:20; 3:32-51; 4:39-5:3; 5:13-30; 5:40-6:53.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, "RMI System Specification," pp. 1-2, 4-6.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 24-36, 38-39.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 7-8.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 64, 77-81, 97.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-11, 15, 17, 18, 20-22, 41, 42, 49.<br>Root et al., *Postal Automated Redirection System—The USPS Solution*, May 23-28, 1999, pp. 2, 3.<br>U.S. Pat. No. 6,292,709 (Uhl et al.) 4:66-5:3; 6:56-57. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
|  |  | U.S. Pat. No. 5,422,821 (Allen et al.) FIGS. 3, 11; 14:17-15:18.<br>United States Postal Service, *Address Change Service*, Publication 8, July 1997 cover, pp. 4-6, 8-17.<br><br>**Extrinsic Evidence:**<br>"[D]ecode . . .1 a: to convert (as a coded message) into intelligible form b: to recognize and interpret (an electronic signal) 2 a: decipher . . . b: to discover the underlying meaning of . . . ." *Merriam Webster's Collegiate Dictionary*, 299 (10th ed. 1997). |
| decoded data (claim 42) | **Proposed Construction:** Deciphered, useable data.<br><br>**Supporting Evidence:** *See, e.g.,* '548 patent, col. 2:66-3:51. | **Proposed Construction:** Information converted into useable form.<br><br>**Supporting Evidence:**<br>'548 patent FIGS. 1, 2, 4, 5; 2:4-20; 2:66-3:20; 3:32-51; 4:39-5:3; 5:13-30; 5:40-6:53.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, "RMI System Specification," pp. 1-2, 4-6.<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 24-36, 38-39.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 7-8.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 64, 77-81, 97.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 6-11, 15, 17, 18, 20-22, 41, 42, 49.<br>Root et al., *Postal Automated Redirection System—The USPS Solution*, May 23-28, 1999, pp. 2, 3. |

## Appendix B - Patent Claim Terms for Construction by the Court

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | | U.S. Pat. No. 6,292,709 (Uhl et al.) 4:66-5:3; 6:56-57. U.S. Pat. No. 5,422,821 (Allen et al.) FIGS. 3, 11; 14:17-15:18. United States Postal Service, *Address Change Service*, Publication 8, July 1997 cover, pp. 4-6, 8-17.<br><br>**Extrinsic Evidence:**<br>"[D]ecode . . .1 a: to convert (as a coded message) into intelligible form b: to recognize and interpret (an electronic signal) 2 a: decipher . . . b: to discover the underlying meaning of . . . ." *Merriam Webster's Collegiate Dictionary*, 299 (10th ed. 1997). |
| if the sender wants [does not want] a corrected address provided (claim 42) | **Proposed Construction:** Plain and ordinary meaning.<br><br>Defendant's proposal improperly rewrites the claim language by reading in a requirement that the alternatives are mutually exclusive, which violates basic claim construction principles. Defendant's failure to provide a substantive construction for this term demonstrates that its proposal would require wholly rewriting the claim language. Accordingly, Defendant's proposed construction adds nothing to clarify the meaning of the term, and there is no need to depart from the plain and ordinary meaning of the claim.<br><br>**Supporting Evidence:**<br>*See, e.g.*, '548 patent, fig. 3 (304, 314), 4:50-5:13.<br><br>**Prosecution History:**<br>Nov. 9, 2009 Amendments and Reconsideration, pp. 2, 4, 9, 12, 14, 19; Feb. 17, 2010 Office Action pp. 4, 6, | **Proposed Construction:** Plain and ordinary meaning (mutually exclusive alternatives).<br><br>**Supporting Evidence:**<br>'548 patent FIG. 3; 4:50-5:13.<br><br>**Supporting Evidence:**<br>Ser. No. 90/008,470, Amendment of November 9, 2009, pp. 2, 4, 7, 9, 12, 14, 19, 22-39.<br>Ser. No. 90/008,470, Office Action of February 17, 2010, pp. 4, 6, 8.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 24, 32-47, 49, 51, 53, 55, 57, 59, 76, 97.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, pp. 12, 28-29, 32-34, 36-38, 39-40, 48-50, 53.<br>Root et al., *Postal Automated Redirection System—The USPS Solution*, May 23-28, 1999, p. 2.<br>U.S. Pat. No. 6,292,709 (Uhl et al.) FIG. 4; 6:40-58. |

**Appendix B - Patent Claim Terms for Construction by the Court**

| Claim Term or Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | 8; June 8, 2010 Amendments and Reconsideration, pp. 24, 32-47, 75-95; Aug. 2, 2010 Office Action, pp. 12, 28-29, 32-34, 36-38, 39-40, 53. | **Extrinsic Evidence:** None. |
| posting return mail data records on a network that is accessible to the sender (claim 42) | **Proposed Construction:** Plain and ordinary meaning.<br><br>Defendant's proposal erroneously equates "decoded data" with "return mail data records," and does not dispute any of the other claim terms. Accordingly, its proposal offers no clarification as to the meaning of the term. RMI maintains that the term does not require anything more than its plain and ordinary meaning.<br><br>**Supporting Evidence:**<br>See, e.g., '548 patent fig. 3, 2:11-13; 2:23-26; 4:50-5:13; 5:40-6:53. | **Proposed Construction:** Posting decoded data on a network that is accessible to the sender.<br><br>**Supporting Evidence:**<br>'548 patent FIG. 3; 2:11-13; 4:50-5:13; 5:40-6:53.<br><br>**Prosecution History:**<br>Ser. No. 60/263,788, "RMI System Specification," pp. 5-6.<br>Ser. No. 90/008,470, Amendment of June 8, 2010, pp. 47, 49, 51, 53-56.<br>Ser. No. 90/008,470, Office Action of August 2, 2010, p. 53.<br><br>**Extrinsic Evidence:**<br>"[P]ost . . . 1.a. To display (an announcement) in a place of public view . . . 5. To publish (a name) on a list." *The American Heritage College Dictionary*, 1067-68 (3d ed. 2000). |