# EXHIBIT B

71338  U.S. PTO

11/09/09

Docket No.: 031073.00001-US03/US04
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Reissue Application of:
Ralph M. Hungerpiller et al.

| | | |
|---|---|---|
| Reissue Application No.: | 11/605,488 | Group Art Unit: 3628 |
| Reexamination Application No.: | 90/008,470 | Examiner: I. N. Borissov |

*Corresponding to* U.S. Patent No. 6,826,548

For:  SYSTEM AND METHOD FOR PROCESSING
       RETURNED MAIL

### AMENDMENT UNDER 37 C.F.R. §§ 1.116 and 1.173

MS Reissue
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

### INTRODUCTORY COMMENTS

Please amend the above-identified U.S. reissue patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 22 of this paper.

It is not believed that extensions of time or fees for net addition of claims are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any fees required therefor (including fees for net addition of claims) are hereby authorized to be charged to our Deposit Account No. 50-0740.

> USPS NCOA address correction databases or the databases provided by
> licensed service providers. This processing step is indicated in logic block
> **308**.

Column 4, line 54 - Column 5, line 3 (emphasis added to non-numeric text).

In view of the foregoing, withdrawal of the rejection of claims 39-114 under 35 U.S.C. Section 112, first paragraph, is requested.

### Rejection of claims 1-38 under 35 U.S.C. §103(a)

With regard to the rejection of claims 1-38 under 35 U.S.C. §103(a), Applicants have amended independent claims 1, 14, 25 and 32 to recite making a determination as to whether a sender wants a "corrected address provided" (or a "corrected address to be provided"). As noted above with regard to claims 39, 42-62, and 64-114, support for the amendment to claims 1-38 is found, for example, at least at: i) column 3, lines 32-51, and Figure 1; and ii) column 4, line 34 - column 5, line 13, and Figures 2 and 3 of the '548 patent.

### Independent Claim 1 and Dependent Claims 2-13

On page 3 of the Office Action, the Examiner cites column 8, lines 64-66 of Pintsov as allegedly disclosing "receiving those items of the plurality of mail items that are returned as being undeliverable...."

With regard to "receiving those items of the plurality of mail items that are **returned as being undeliverable**," Pintsov discloses a technique that relies on the unique numeric identifier to provide a fundamentally different approach than that of the claimed invention. More particularly, Pintsov does not teach or suggest that mail is "**returned** as being undeliverable." Instead, Pintsov discloses that "**change-of-address mail never reaches the old, incorrect destination**, but is intercepted at a very early point in the mail processing cycle and reaches its correct destination earlier and at very little cost to the carrier service." Pintsov, column 7, lines 56-60 (emphasis

Reissue Application for U.S.            40        Docket No.: 031073.00001-US03/US04
Patent No. 6,826,548 B2                                          (PATENT)

added). Accordingly, Pintsov does not receive "mail items that are returned as being undeliverable," and instead teaches away from this aspect of the claimed invention.

On page 12 of the Office Action, the Examiner states that Column 8, lines 64-66 of Pintsov disclose that "mail is 'returned as undeliverable'"

Column 8, lines 64-67 of Pintsov disclose the following:

> As an option address cleansing can be done on-line and in real-time. In this case all mail which is undeliverable as addressed can be determined and corresponding data can be communicated back to the mailer.

Column 8, lines 64-67 of Pintsov indicate that mail is *undeliverable*, but not that the mail is "*returned as being undeliverable*" as recited in the present invention. Column 8, lines 56-61 of Pintsov, immediately preceding the passage above cited by the Examiner, make clear that Pintsov does not process mail that is "returned as being undeliverable".

Column 8, lines 56-61 of Pintsov disclose the following:

> There is typically at least **several hours between the moment mail is printed by the mailer and the moment when mail is delivered to the carrier and mail processing begins. This time can be used to correct addresses**, produce and consolidate logistical information, arrange for special deliveries, etc. (emphasis added.)

Column 9, lines 1-3 of Pintsov disclose the following:

> Deliverable mail (even where the address is not fully complete and/or accurate) can be addressed correctly during the **several available hours**. (emphasis added.)

Figure 7 of Pintsov also indicates that the mail in Pintsov is not "*returned as being undeliverable*" as recited in the present invention. Figure 7 of Pintsov, provided below, is a flow chart of the operation of the mailing list processing at the carrier data center. (Column 4, lines 14-15.)



FIG. 7
DATA CENTER MAILING LIST PROCESSING

The carrier data center is shown in Figure 1 of Pintsov. Figure 1 of Pintsov also indicates that the mailing file 120 and the mailing identification file 122 shown in Figure 1 are utilized prior to an initial mailing, and are not utilized in connection with returned mail items.

Reissue Application for U.S.      46     Docket No.: 031073.00001-US03/US04
Patent No. 6,826,548 B2                                                         (PATENT)

## Conclusion

For all of the above reasons, it is urged and respectfully submitted that claims 1-39, 42-62 and 64-114 are patentable over the prior art.

Applicants respectfully submit that, as described above, the cited prior art does not show or suggest the combination of features recited in the claims. Applicants do not concede that the cited prior art shows any of the elements recited in the claims. However, to the extent Applicants have discussed specific elements of the claims, Applicants have merely provided examples of elements in the claims that are clearly not present in the cited prior art.

Applicants strongly emphasize that one reviewing the prosecution history should not interpret any of the examples Applicants have described herein in connection with distinguishing over the prior art as limiting to those specific features in isolation. Rather, Applicants assert that it is the combination of elements recited in each of the claims, when each claim is interpreted as a whole, which is patentable. Applicants have emphasized certain features in the claims as clearly not present in the cited reference, as discussed above. However, Applicants do not concede that other features in the claims are found in the prior art. Rather, for the sake of simplicity, Applicants are providing examples of why the claims described above are distinguishable over the cited prior art.

Prompt and favorable consideration of this reissue application is respectfully requested.

Dated: November 9, 2009                          Respectfully submitted,

By _[signature]_
Paul J. Berman
   Registration No.: 36,744
Gregory S. Discher
   Registration Number, 42,488
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
(202) 662-6000
Attorney for Applicant