# In the United States Court of Federal Claims

No. 11-130C

(Filed: February 24, 2021)

| | |
|---|---|
| **RETURN MAIL, INC.,** ) | Patent case; motion by defendant to |
| ) | amend its invalidity contentions; |
| *Plaintiff,* ) | diligence; prejudice; good cause; RCFC |
| ) | Appendix J (Patent Rules) |
| **v.** ) | |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

Lee L. Kaplan, Smyser Kaplan & Veselka, L.L.P., Houston, Texas, for plaintiff. With him on the briefs was Douglas H. Elliott, Elliott and Polasek, PLLC, Bellaire, Texas.

Shahar Harel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Jeffrey Bossert Clark, Acting Assistant Attorney General, and Gary L. Hausken, Director, United States Department of Justice, Washington, D.C., as well as Rebecca Harker Duttry, Attorney, and Stephan J. Boardman, Attorney, United States Postal Service, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court in this patent case is defendant's motion to amend its invalidity contentions. This motion adds to a procedural history that has generated opinions in related proceedings from the Patent Trial and Appeal Board, the Federal Circuit, and the Supreme Court. In this case, a stay of proceedings was entered in October 2014, as the related proceedings were taking their course. At the conclusion of those proceedings, the stay was lifted in September 2019. *See* Order of September 5, 2019, ECF No. 108. At that point, discovery resumed, and defendant supplemented its responses to interrogatories, including one directed to invalidity. *See* Def.'s Mot. to Amend its Invalidity Contentions ("Def.'s Mot.") at 4, ECF No. 135. The government now seeks "leave to amend its invalidity contentions to include those contentions identified in its supplemental interrogatory responses and corresponding claim charts." *Id.* at 6 (footnote omitted).

In light of the amended discovery schedule regarding defenses, the parties' supplemented interrogatory responses, and the Patent Rules of the Court of Federal Claims, the court concludes that the government has made a sufficient showing of diligence in seeking to amend its invalidity

contentions. In the circumstances, plaintiff has "not been genuinely surprised or harmed" by the government's supplementations. *Hitkansut LLC v. United States*, 127 Fed. Cl. 101, 109 (2016). For good cause shown, the government's motion to amend its invalidity contentions is GRANTED.

## BACKGROUND

Plaintiff Return Mail, Inc. ("Return Mail") first filed suit in this court on February 28, 2011, alleging "the unlicensed use and infringement . . . of the invention claimed in United States Patent Number 6,826,548" ("the '548 Patent") by the United States Postal Service. Compl. ¶ 1, ECF No. 1. That patent relates to a system and method of processing returned mail. The stay entered in this case on October 21, 2014, followed a petition by the Postal Service to the Patent Trial and Appeal Board ("PTAB") requesting institution of a covered business method review of the '548 Patent. *See* Order of October 21, 2014, ECF No. 83. The PTAB acted on the Postal Service's petition and concluded that all of the challenged claims were "more likely than not" directed to ineligible subject matter. *United States Postal Serv. v. Return Mail, Inc.*, No. CBM 2014-00116, 2014 WL 5339212, at *19 (P.T.A.B. Oct. 16, 2014). On appeal, the Federal Circuit ruled that the Postal Service had standing under the America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284, to seek review notwithstanding that the Postal Service was a federal government entity, and it affirmed the PTAB's decision. *Return Mail, Inc. v. United States Postal Serv.*, 868 F.3d 1350 (Fed. Cir. 2013). Judge Newman dissented on the ground that the government was not entitled to request review under the AIA. *Id.* at 1371. The case reached the United States Supreme Court, which reversed and remanded, holding that "a federal agency is not a 'person' who may petition [the PTAB under the AIA] for post-issuance review" of a patent. *Return Mail, Inc. v. United States Postal Serv.*, --- U.S. ---, 139 S. Ct. 1853, 1867 (2019). The Federal Circuit then remanded the case to the PTAB "with instructions to dismiss in light of the Supreme Court's disposition." *Return Mail, Inc. v. United States Postal Serv.*, 774 Fed. Appx. 684 (Fed. Cir. 2019).

The case was reactivated when court lifted the stay on September 5, 2019. *See* Order of September 5, 2019. Two months later, the parties filed a joint status report proposing a bifurcated schedule, in which the court would decide the government's "motion for summary judgment regarding its [S]ection 101 invalidity defense" before hearing "any other invalidity issues." *See* ECF No. 111. The court did not adopt that proposal but instead set a schedule that encompassed all available defenses. *See* Order of November 12, 2019, ECF No. 114 (setting discovery schedule); Order of January 9, 2020, ECF No. 130 (granting in part and denying in part defendant's motion for reconsideration of the scheduling order). Return Mail filed its first amended complaint on December 23, 2019. *See* First Am. Compl., ECF No. 128.

At an early stage of this case, on March 2, 2012, defendant had timely served its Initial Disclosures of Prior Art, and it followed with its Invalidity Claim Chart on June 29, 2012, over a year before the case was stayed in late 2014. Def.'s Mot. at 3. Defendant had challenged all claims of the '548 patent on the basis of ineligible subject matter under 35 U.S.C. § 101. Now, however, defendant's potential defenses include contentions under 35 U.S.C. §§ 102, 103, 112, 305, and 307. *See* Def.'s Mot. at 4.

Once discovery resumed, the government supplemented its interrogatory responses with, *inter alia*, "a detailed response on July 8, 2020, answering each of the seven relevant subparts of an interrogatory directed to invalidity." Def.'s Mot. at 4. After an extension of time for discovery due to the COVID-19 pandemic, *see* Order of August 5, 2020, ECF No. 134, the government sought the agreement of Return Mail to amend its invalidity contentions, *see* Def.'s Mot. at 5. Return Mail refused to consent to the motion. *Id.* The government now seeks leave to amend its invalidity contentions to align those contentions with its supplemented interrogatory responses. *See id.* at 6. After briefing, *see* Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 136; Def.'s Reply to Pl.'s Resp. ("Def.'s Reply"), ECF No. 141; Pl.'s Sur-Reply, ECF No. 142-1, the court held a hearing on January 21, 2021.

## STANDARDS FOR DECISION

Rule 16 of the Rules of the Court of Federal Claims ("RCFC") gives the court discretion in issuing scheduling orders. Discovery scheduling orders serve "to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). "A schedule may be modified only for good cause and with the judge's consent." RCFC 16(b)(4). Rule 6 of the Patent Rules of the Court of Federal Claims ("PRCFC") addresses invalidity contentions specifically in requiring the defendant to "serve on all parties a Preliminary Disclosure of Invalidity Contentions" containing, *inter alia*, "an explanation of how each item of prior art, or combination thereof, anticipates each asserted claim and/or renders it obvious; and . . . the identity and explanation of any other basis for invalidity, or unenforceability of any of the asserted claims." PRCFC 6(b)-(c). The defendant may amend its invalidity contentions "only by court order upon a showing of good cause." PRCFC 24.[1]

"The good cause standard of RCFC 16(b)(4) mirrors many local district court patent rules for amending [invalidity] contentions." *Cellcast Techs., LLC v. United States*, 2019 WL 5959571, at *4 (Fed. Cl. Oct. 30, 2019) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006)). Significantly, "[t]he law of the Federal Circuit controls for amending invalidity contentions because this issue is 'unique to patent cases' and therefore has 'a close relationship to enforcement of substantive patent law.'" *Id.* (quoting *O2 Micro*, 467 F.3d at 1365). The good cause standard established by the Federal Circuit requires the party seeking to amend its contentions to make "a showing of diligence." *O2 Micro*, 467 F.3d at 1366. "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence. *Id.* (citing *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)). "Considerations in determining a party's diligence include additional or unexpected results of discovery, along with the possibility of unanticipated construction of claim terms

---

[1] The court's Patent Rules were adopted on July 2, 2018 and were last amended on August 3, 2020, while the parties were engaged in discovery. *See* Patent Rules, Appx. J, Rules of the United States Court of Federal Claims; Order of January 9, 2020 (setting October 9, 2020 as the deadline for "Fact and Expert Discovery for All Defenses").

according to the court's claim construction order." *Cellcast*, 2019 WL 5959571, at *5 (citing *MorphoTrust USA, LLC v. United States*, 132 Fed. Cl. 419, 421 (2017)).

Following the party's showing of diligence, the court may consider the question of prejudice to the non-moving party. *See O2 Micro*, 467 F.3d at 1368 (concluding that the court did not need to consider the question of prejudice because the party seeking to amend failed to establish diligence); *MorphoTrust*, 132 Fed. Cl. at 420 ("[C]ourts typically require a showing of diligence by the party seeking amendment and only then consider whether there is prejudice to the non-moving party. . . . We hold that both diligence and prejudice are relevant considerations.") (citation omitted). Factors to consider when determining whether prejudice exists include whether the non-moving party has been "genuinely surprised or harmed," *Hitkansut*, 127 Fed. Cl. at 109, whether discovery would be reopened, *see Kruse Tech. P'ship v. Volkswagen AG*, 544 Fed. Appx. 943, 953-54 (Fed. Cir. 2013), "the effect of amendments on the construction of claim terms," *Cellcast*, 2019 WL 5959571, at *5, and whether experts have "staked out comprehensive positions with respect to claim construction," *MorphoTrust*, 132 Fed. Cl. at 421.

## ANALYSIS

### I.    *Defendant's Showing of Diligence*

Return Mail argues that the government has failed to meet its burden of establishing diligence in seeking leave to amend its invalidity contentions, noting that the government "could have sought leave to amend . . . the moment the stay was lifted in this action more than a year ago." Pl.'s Resp. at 11 (citing *Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 974, 982 (N.D. Cal. 2015)). The government counters that it has "acted diligently in searching for, producing[,] and charting these additional invalidity references, clearly establishing the first element of the good cause analysis." Def.'s Reply at 6.[2]

Of note, the government filed its motion months after Return Mail filed its amended complaint. Return Mail's argument, however, overlooks the fact that the parties were engaged in discovery through at least August 28, 2020. *See* Def.'s Reply at 6 (noting that it "provided an invalidity chart for the '231 Kuebert patent promptly with the rest of its invalidity charts on

---

[2] The government avers that

once the stay in the case was lifted, [d]efendant diligently pursued a search for new references to add the new evidence[,] including: (1) reasoning set forth in the PTAB's CBM decision for which the case was stayed, (2) [p]laintiff's new allegations in the amended complaint, and (3) this [c]ourt's *Markman* decision (issued October 4, 2013).

Def.'s Reply at 3 (footnote omitted).

August 28, 2020").[3]  In addition, Return Mail had supplemented its interrogatory responses on August 17, 2020, which then allowed the government "to assess [Return Mail's] assertions relating to conception and reduction to practice."  Def.'s Reply at 5.  This extended period of discovery was necessary following the court's adoption of a discovery schedule focused on all defenses.  *See* Order of January 9, 2020.  Given that the parties were engaged in discovery through August 2020, and that the government's motion is based in part on the "additional . . . results of discovery," *Cellcast*, 2019 WL 5959571, at *5 (citation omitted), the court concludes that the government has made a sufficient showing of diligence in seeking leave to amend its contentions.

## II.    Prejudice to Plaintiff

Return Mail further asserts that it would "be prejudiced by [the government's] greatly expanded invalidity arguments . . . and [its] assertion of new invalidity arguments."  Pl.'s Resp. at 15-16.  According to Return Mail, the government has not timely identified the evidentiary bases for its arguments, and "instead has intentionally delayed to undermine [Return Mail's] ability to timely review, consider[,] and respond to" the invalidity contentions.  *Id.* at 16.  The government counters that Return Mail "has known of [the government's] amended invalidity contentions since early July and received detailed claim charts in late August," and that "[t]he parties negotiated the current case schedule such that [Return Mail] and its expert would have sufficient time to address the invalidity contentions."  Def.'s Mot. at 9.

Return Mail's assertion that the government failed to timely identify the evidentiary bases for its contentions is belied by the timing of the parties' supplementation of interrogatory responses.  On July 8, 2020, the government "provid[ed] detailed invalidity positions regarding, *inter alia*, 35 U.S.C. §§ 101-103, 112, 305[,] and 307."  Def.'s Mot. at 2.  Return Mail was thus put on notice of the government's invalidity defenses in July, prior to the parties' joint motion to extend the discovery period.  *See* Joint Mot. to Amend Schedule, ECF No. 133 (filed August 4, 2020).  Return Mail has known of the government's theories for months, and its expert has not yet "staked out comprehensive positions" based on the government's initial invalidity contentions.  *MorphoTrust*, 132 Fed. Cl. at 421.  The lack of genuine surprise or harm to Return Mail leads the court to conclude that plaintiff will not be prejudiced by the government's invalidity arguments.  *See Hitkansut*, 127 Fed. Cl. at 109.

---

[3] The Kuebert patent, No. 7,647,231, is a focus of defendant's claim of anticipation under 35 U.S.C. § 102.  Defendant explains that

> [t]his patent was not previously considered because of its October 2001 filing date, which is after the filing date of the '548 patent's provisional application.  However, upon considering the relevant priority date for the '548 is the January 2002 filing date, [d]efendant presented the '281 Kuebert patent as prior art.

Def.'s Reply at 5.

**CONCLUSION**

For the reasons set forth above, the court finds that the government has established good cause to amend its invalidity contentions.  The government's motion to amend its invalidity contentions is GRANTED.  The government shall file its amended invalidity contentions on or before March 10, 2021.

It is so **ORDERED**.


s/ Charles F. Lettow
Charles F. Lettow
Senior Judge