# In the United States Court of Federal Claims

No. 11-130C

(Filed: May 26, 2021)

| | | |
|---|---|---|
| **RETURN MAIL, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | Patent case; delayed discovery response; motion to preclude defendant's use of documents; monetary sanctions; RCFC 37(c) |
| v. | ) ) ) | |
| **UNITED STATES,** | ) ) ) | |
| Defendant. | ) ) | |

    Lee L. Kaplan, Smyser Kaplan & Veselka, L.L.P., Houston, Texas, for plaintiff.  With him on the briefs was Jeff Potts, Smyser Kaplan & Veselka, L.L.P., Houston, Texas.

    Shahar Harel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Brian M. Boynton, Acting Assistant Attorney General, Gary L. Hausken, Director, and Rachel Hicks, Attorney, Commercial Litigation Banch, Civil Division, United States Department of Justice, Washington, D.C., as well as Rebecca Harker Duttry, Attorney, and Stephan J. Boardman, Attorney, United States Postal Service, Washington, D.C.

## OPINION AND ORDER

    LETTOW, Senior Judge.

    Pending before the court in this patent case is plaintiff's motion to preclude defendant's use of previously withheld documents.  This motion is the most recent addition to a procedural history encompassing actions by this court, the Patent Trial and Appeal Board, the Court of Appeals for the Federal Circuit, and the United States Supreme Court, involving the validity, *vel non*, of the patent at issue.  A stay of proceedings, entered in this case in October 2014, was lifted in September 2019 following the conclusion of related proceedings.  *See* Order of September 5, 2019, ECF No. 108.  After discovery resumed, the parties scheduled the depositions of their respective validity experts for March 23 and 26, 2021.  *See* Pl.'s Mot. to Preclude Def.'s Use of Previously Withheld Docs. ("Pl.'s Mot.") at 1, ECF No. 155.  One day after the deposition of the government's expert, the government produced 3 documents comprising 75 pages "without notice to [plaintiff] that additional production was forthcoming."  Pl.'s Reply at 3, ECF No. 159.  Three days after the deposition of plaintiff's expert, and on the last day of fact and expert discovery for all defenses, the government produced an additional 10,214 documents amounting to 49,829 pages.  Pl.'s Mot. at 1.  Plaintiff requests that the government be precluded "from making any use

of these late-produced documents." *Id.* at 3.  In the alternative, plaintiff asks for "an award of attorneys' fees, expert fees, and costs incurred[,] . . . which can be computed later in the case." Pl.'s Reply at 8.

## BACKGROUND

Plaintiff Return Mail, Inc. ("Return Mail") filed suit in this court on February 28, 2011, alleging "the unlicensed use and infringement . . . of the invention claimed in United States Patent Number 6,826,548" ("the '548 Patent") by the United States Postal Service.  Compl. ¶ 1, ECF No. 1.  That patent relates to a "method, system and program product for processing returned mail."  '548 Patent at 1.  On October 3, 2011, defendant served its initial disclosures, which, among other things, identified "Brett A. Raney, USPS Manager, . . . as a person likely to have discoverable information on the 'general subjects' of OneCode ACS® service development and operation and PARS system engineering."  Pl.'s Reply at 1.  On December 5, 2011, after receiving Return Mail's first request for production, defendant "asserted no specific objections and agreed to produce documents in response to" plaintiff's request for "[a]ll other documents and communications on which [y]ou rel[y] in support of any of [y]our defenses or counterclaims in this action."  *Id.* at 1-2 (emphasis omitted).

A stay was entered in the case on October 21, 2014, following the Postal Service's petition to the Patent Trial and Appeal Board ("PTAB") requesting institution of a covered business method review of the '548 Patent.  *See* Order of October 21, 2014, ECF No. 83.  The PTAB acted on the Postal Service's petition and concluded that all of the challenged claims were "more likely than not" directed to ineligible subject matter.  *United States Postal Serv. v. Return Mail, Inc.*, No. CBM 2014-00116, 2014 WL 5339212, at *19 (P.T.A.B. Oct. 16, 2014).  Return Mail appealed to the Federal Circuit, which affirmed the PTAB's decision.  *Return Mail, Inc. v. United States Postal Serv.*, 868 F.3d 1350 (Fed. Cir. 2017).  The Supreme Court, however, reversed and remanded, concluding that "a federal agency is not a 'person' who may petition [the PTAB under the America Invents Act] for post-issuance review" of a patent.  *Return Mail, Inc. v. United States Postal Serv.*, --- U.S. ---, 139 S. Ct. 1853, 1867 (2019).  The Federal Circuit then remanded the case to the PTAB "with instructions to dismiss in light of the Supreme Court's disposition."  *Return Mail, Inc. v. United States Postal Serv.*, 774 Fed. Appx. 684 (Fed. Cir. 2019).

The stay in this case was lifted in September 2019, *see* Order of September 5, 2019, ECF No. 108, and the court adopted a discovery schedule that encompassed all available defenses, *see* Order of November 12, 2019, ECF No. 114 (setting discovery schedule); Order of January 9, 2020, ECF No. 130 (granting in part and denying in part defendant's motion for reconsideration of the scheduling order).  While the government initially challenged all claims of the '548 patent on the basis of ineligible subject matter under 35 U.S.C. § 101, its potential defenses now include contentions under 35 U.S.C. §§ 102, 103, 112, 305, and 307.  *See Return Mail, Inc. v. United States*, 152 Fed. Cl. 455, 458 (2021).  Return Mail filed its first amended complaint on December 23, 2019, *see* First Am. Compl., ECF No. 128, which the government timely answered, *see* ECF No. 129.  Return Mail thereafter made its second request for production on January 8, 2021.  *See* Def.'s Resp. Ex. D, ECF No. 158-7.  On February 24, 2021, this court granted defendant's motion to amend its invalidity contentions.  *See Return Mail*, 152 Fed. Cl. at 457.

The government's production of documents to Return Mail in 2021 included 2,315 pages of documents produced on February 24, 2021. *See* Pl.'s Reply at 3-4. An additional 568 pages were produced on February 25, 2021. *Id.* at 3. Notably, however, the vast majority of document production occurred after both defendant's and plaintiff's validity experts were deposed and on the very date discovery closed. *See* Pl.'s Mot. at 1. Dr. Josef Lubenow, defendant's validity expert, was deposed on March 23, 2021. *Id.* One day after this deposition, the government "informally produced three documents, 75 pages without Bates stamps." *Id.* at 2. Dr. Scott Nettles, plaintiff's expert, was deposed on March 26, 2021. *Id.* at 1. On March 29, 2021, the last day of fact and expert discovery for all defenses, defendant produced an additional 10,214 documents, amounting to 49,829 pages of material. *Id.* At a status conference held on April 13, 2021, defendant stated that between 95 percent and 99 percent of the last March production was found researching the emails of one custodian, Brett Raney, Hr'g Tr. 5:4-21; 17:19-23 (Apr. 13, 2021); Def.'s Resp. at 5, ECF No. 158, who had been identified in October 2011, nine and one-half years earlier, as having discoverable information, s*ee* Def.'s Resp. at 5 n.5; Pl.'s Reply at 4.

Return Mail subsequently moved to preclude the government "from making any use of" the documents produced on March 29, 2021, Pl.'s Mot. at 3, and requested, in the alternative, "an award of attorneys' fees, expert fees, and costs incurred," Pl.'s Reply at 8. After briefing, *see* Def.'s Resp.; Pl.'s Reply; the court held a hearing on May 13, 2021.

## STANDARDS FOR DECISION

Rule 26 of the Rules of the Court of Federal Claims ("RCFC") generally governs the discovery process. After making initial disclosures under RCFC 26(a), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." RCFC 26(b)(1). After making discovery responses and disclosures, a party has an ongoing obligation to "supplement or correct" those responses and disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." RCFC 26(e)(1)(A). "As applied to expert witnesses, 'the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.'" *SD3, LLC v. Rea*, 71 F. Supp. 3d 189, 194 (D.D.C. 2014) (quoting Fed. R. Civ. P. 26(e)(2)). Subparagraph 26(e)(1)(A) is "narrow" and "only permits supplemental reports for the purpose of 'correcting inaccuracies or adding information that was not available at the time of the initial report.'" *Id.* (quoting *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)).

If a party contravenes the obligations imposed by RCFC 26, the court has discretion to impose sanctions under RCFC 37 unless the violation was "substantially justified" or "harmless." RCFC 37(c)(1). "If a party fails to provide information or identify a witness as required by RCFC 26(a) or (e)," the court may preclude the party from using "that information or witness to supply evidence[,] . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure[,] . . . and . . . may impose other appropriate sanctions." RCFC 37(c)(1). In determining whether sanctions are warranted, "the court may consider surprise to the other party, whether there is opportunity to cure that surprise, the proponent's need for the evidence at trial, or other factors." *Hitkansut LLC v. United States*, 127 Fed. Cl.

101, 107 (2016) (citing *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 221, 226-27 (2010)) (additional citations omitted).

**ANALYSIS**

The facts of this dispute are comparable to those of *Bowman Constr. Co. v. United States*. In *Bowman*, a company filed suit against the United States after the National Park Service terminated for default its contract for the construction of a bicycle trail in Voyageurs National Park, Minnesota. *See Bowman Constr. Co. v. United States*, 2020 WL 1970546, at *1 (Fed. Cl. 2020). One day before the contracting officer's representative was to be deposed, the government produced a "hard drive containing 2,928 pages of documents, which for the most part had not been previously disclosed." *Id.* Following the deposition, the company filed a motion for sanctions pursuant to RCFC 37(c), arguing that the government had violated its obligation to timely supplement its disclosures. *Id.* at *2. Even though the government had disclosed the documents prior to the close of discovery, the court granted the company's motion in part. *Id.* at *5. The court awarded the company attorneys' fees for conducting two reopened depositions, attorneys' fees for the briefing on the motion for sanctions, and the costs of the reopened depositions. *Id.* The court declined, however, to grant the company's initial request to preclude the government from relying on the documents at issue. *Id.* at *4.[1]

The government's delayed disclosures in this case rival, and notably exceed, the belated production in *Bowman*: the disclosures made on March 24 and 29, 2021 amount to 49,904 pages of documents. *See* Pl.'s Mot. at 1-2. Plaintiff emphasizes the timing of the most recent disclosures by defendant, noting that the government produced the bulk of documents on the final day of fact and expert discovery for all defenses. *See id.* at 1. Moreover, while counsel for the government in *Bowman* provided documents one day before the deposition of a government witness, the most recent disclosure in this case occurred after the depositions of both parties' expert witnesses. *See id.* Given that the documents at issue were discovered after researching the email files of Brett Raney, a potential witness identified back in 2011, plaintiff further asserts that these documents should have been produced years ago. Pl.'s Reply at 5; *see also* Hr'g Tr. 8:8-12 (May 13, 2021). Defendant counters that it complied with the court's scheduling order and that the documents produced were in response to the document requests plaintiff served on February 9, 2021. Def.'s Resp. at 1; Hr'g Tr. 16:1-4; 19:19 to 20-1 (May 13, 2021).

Defendant's belated production of documents, while technically occurring before the close of discovery, warrants relief similar to the sanctions granted in *Bowman*. Producing these documents while discovery was still open "does not constitute proper supplementation" under RCFC 26(e)(1)(A) when the bulk of the production occurred after the parties' experts had already been deposed. *Bowman*, 2020 WL 1970546, at *2. While plaintiff's second request for production may have encompassed the documents at issue, defendant already had an obligation to produce these documents under plaintiff's 2011 request for production. *See* Pl.'s Reply at 2;

---

[1] While the company in *Bowman* filed a supplemental brief to its motion stating that it no longer sought to preclude the government from relying on the documents at issue, *Bowman*, 2020 WL 1970546, at *2, the court noted that the company's initial "requested relief . . . appeared draconian under the circumstances," *id.* at *4 n.4.

*see also id.* Ex. 1 at 14-16 (Requests for Production Nos. 16-20), ECF No. 159-1. Disclosing such a large amount of documents after both parties' experts had been deposed "not only violated the requirements for timely discovery under the Court's rules, it also prevented meaningful depositions, prejudiced both opposing counsel and the witnesses, and necessitate[s] another round of depositions." *Bowman*, 2020 WL 1970546, at *5.

The court recognizes, however, that precluding the use of documents, "often referred to as the 'default' sanction[,] . . . is not always appropriate." *Bowman*, 2020 WL 1970546, at *3. "Exclusion of evidence is . . . an extreme sanction and should be applied only when lesser sanctions are inadequate." *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 171 (2006). While plaintiff had initially limited its request to precluding defendant from using the documents contained in the delayed disclosures, *see* Pl.'s Mot. at 1, the court finds that such a remedy would be "draconian under the circumstances," *Bowman*, 2020 WL 1970546, at *4 n.4. Ordering "the payment of reasonable expenses, including attorney's fees, that were incurred as a result of the nondisclosure" can remedy the problem caused by defendant's delay without precluding thousands of pages of documents from use in this case. *K-Con Bldg. Sys., Inc. v. United States*, 106 Fed. Cl. 652, 660 (2012) (internal quotation marks and citations omitted). Here, as in *Bowman*, the reopening of discovery and "the payment of reasonable expenses incurred as a result of the delayed disclosure is appropriate." *Bowman*, 2020 WL 1970546, at *3.

## CONCLUSION

Plaintiff's motion to preclude is GRANTED IN PART. Discovery will be reopened for 60 days, until July 26, 2021. The court will award plaintiff its fees and expenses for submitting its motion for sanctions and one-third of its attorney time and all of the expert time for review of the documents disclosed on March 24 and 29, 2021. In addition, the court will award plaintiff all costs and expenses for the depositions that are taken during the extended discovery period. This monetary relief, however, is contingent on plaintiff deposing Brett Raney. During the hearing, counsel for plaintiff represented that he had not deposed Mr. Raney, nor did he plan to. Hr'g Tr. 8:17 to 9:12 (May 13, 2021). To be sure, defendant has focused chiefly on its defense under 35 U.S.C. § 101,[2] and Mr. Raney may not possess knowledge relevant to this defense. The fact that Mr. Raney's emails and corresponding attachments comprise the vast majority of the belatedly disclosed documents, however, indicates that his deposition may prove useful to the case. Therefore, if Mr. Raney is not deposed during the 60-day window for discovery, or if his deposition by plaintiff is perfunctory, compensation for attorney time spent reviewing the belated production will be reduced to 10 percent and compensation for expert time spent reviewing the documents will be reduced to 25 percent.

The court further requests that plaintiff's counsel submit a record of costs 30 days after the close of discovery.

---

[2] *See, e.g.*, Joint Status Report, ECF No. 111 (proposing a discovery period for defendant's Section 101 defense exclusively); Mot. for Recons., ECF No. 118 (requesting that discovery be conducted "only as to the affirmative defense of Section 101 patent eligibility").

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge
